**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jesse Brooks, | No. CV-21-00265-TUC-JCH |
| Plaintiff, | **ORDER** |
| v. | |
| Centurion of Arizona LLC, | |
| Defendant. | |

Pending before the Court are two motions, filed by Defendant Centurion of Arizona, LLC's ("Defendant"), related to the Preliminary Injunction Hearing ("Hearing") set for February 16, 2022. (*See* Doc. 35.) Defendant's first motion (Doc. 37) requests clarification from the Court on whether it expects NP Elliott, NP Redwine, or both, to be available to testify at the Hearing. Defendant's second motion requests that witnesses Dr. Thomas Fowlkes and NP Laura Elliot be permitted to appear at the Hearing via video. Plaintiff has not responded to or otherwise objected to either motion. The Court considers each motion in turn.

**I.     MOTION FOR CLARIFICATION**

The Court provides the following clarification. By Order dated January 24, 2022, the Court indicated that "[it] expects the parties to call F. Michael Ferrante, M.D., NP Laura Elliott, and Thomas D. Fowlkes, M.D. The parties may call any additional witnesses they believe would be relevant at this hearing." (Doc. 35 at 2.) Defendant explains that NP Laura Elliott has not provided care to Plaintiff since September 2021, whereas NP Mary Redwine

has provided care for Plaintiff in recent months. (Doc. 37 at 1.)

The Court requested NP Laura Elliott be available to testify at the hearing for the following reasons: (1) she completed the case review of Plaintiff's medical records and reviewed his instant Motion for Preliminary Injunction (*See* Doc. 32-1); (2) she was Plaintiff's treating provider between February and May 2021 (*Id.* at 2); and (3) she is the subject of many of the allegations asserted in Plaintiff's Motion for Preliminary Injunction. (*See* Doc. 26, Ex. 1 at ¶¶ 31, 33–36, 38-39, 42.)  The Court wants to hear testimony from NP Laura Elliott on these issues. To the extent Defendant expects that testimony from NP Mary Redwine will be relevant at the Hearing, the Court has already provided leave to call additional witnesses at the Defendant's discretion.

## II.     MOTION FOR VIDEO APPEARANCES

Defendant's second Motion requests leave for Dr. Thomas Fowlkes and NP Laura Elliott to appear and testify via video.  Defendant requests the witnesses be allowed to testify remotely because (1) Dr. Fowlkes resides in Mississippi; and (2) NP Elliott "has other patients to see each day and being able to testify remotely will allow her to continue her important work of treating and caring for inmate patients." (Doc. 39 at 1.)

Rule 43(a) provides that although witness testimony at trial ordinarily "must be taken in open court," a district court "may permit testimony in open court by contemporaneous transmission from a different location" upon a showing of "good cause in compelling circumstances and with appropriate safeguards." Fed. R. Civ. P. 43(a). Although Defendant does not reference the COVID-19 pandemic, Courts have considered COVID-19 when allowing out-of-state witnesses to testify remotely in a civil trial, *see Guardant Health, Inc. v. Foundation Medicine, Inc.*, 2020 WL 6120186, *3 (D. Del. 2020); *In re RFC & ResCap Liquidating Trust Action*, 444 F. Supp. 3d 967, 971-72 (D. Minn. 2020) (considering the potential impact on the health and safety of a witness). In accordance with General Order 22-02, the Court finds good cause, through the limitation of interstate travel and the minimization of potential exposure, to allow both witnesses to testify remotely. Furthermore, the Court finds that "appropriate safeguards" are met

through video testimony, such that the witnesses will be subject to cross examination.

Accordingly,

**IT IS ORDERED**:

(1) **GRANTING** Defendant's Motion for Clarification (Doc. 37). The Court has provided the additional information above to clarify the January 24, 2022 Order.

(2) **GRANTING** Defendant's Motion for Witnesses' Appearance Via Video (Doc. 39). Witnesses Dr. Thomas Fowlkes and NP Laura Elliott may testify remotely at the Preliminary Injunction Hearing via video teleconference under Rule 43(a). The Court will send an email to counsel with a link that the witnesses will use to join the hearing. After receiving the link, Counsel is instructed to conduct a pretest with their remote participants or schedule a pretest with AV Support, relevant instructions will be included in the email. Counsel is further instructed to provide their witnesses with the following guidelines:

- Witnesses must have a valid email address and access to an internet-enabled device equipped with: (a) a camera capable of sending video; (b) a microphone and speakers capable of sending and receiving audio; and (c) a stable internet connection with bandwidth sufficient to support video conferencing.
- A court reporter will be present. To ensure a clean record please: (a) wait until called to speak; (b) speak slowly, clearly, and concisely; (c) avoid speaking over or interrupting other parties and the Court; and (d) mute your device when not addressing the Court

Dated this 4th day of February, 2022.

Honorable John C. Hinderaker
United States District Judge